## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District | Southern District of New York |
|---|---|---|
| Name (under which you were convicted):  Zvi Goffer | | Docket or Case No.:  10-cr. 56 (RJS) |
| Place of Confinement:  Federal Prison Camp - Lewisburg, PA | Prisoner No.:  62877054 | |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted)  Zvi Goffer | |
| v. | | |

### MOTION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

   United States District Court for the Southern District of New York
   500 Pearl Street
   New York, NY 10007

   (b) Criminal docket or case number (if you know):  10-cr. 56 (RJS)

2.  (a) Date of the judgment of conviction (if you know):  September 22, 2011

   (b) Date of sentencing:  September 21, 2011

3.  Length of sentence:  120 Months

4.  Nature of crime (all counts):  Counts 1 and 2 charged conspiracy to commit securities fraud in violation of Title18, U.S.C. {SECTION} 371. Counts 3-14 charged substantive violations of securities fraud in violation of Title 15, U.S.C. Section 78j(b) and 78ff; Title 17, C.F.R. Sections 240.10b-5 and 240.10b5-2; and Title 18, U.S.C. Section 2.

5.  (a) What was your plea? (Check one)

   (1)   Not guilty ☒          (2)   Guilty ❑          (3)   Nolo contendere (no contest) ❑

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

   Not Applicable

6.  If you went to trial, what kind of trial did you have? (Check one)          Jury ☒          Judge only ❑

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ☐     No ☒

8. Did you appeal from the judgment of conviction?     Yes ☒     No ☐

9. If you did appeal, answer the following:

(a) Name of court:   United States Court of Appeals for the Second Circuit

(b) Docket or case number (if you know):   11-3591-cr (L)

(c) Result:   Conviction and sentence affirmed with the exception of the District Court's forfeiture order which was vacated and remanded.

(d) Date of result (if you know):   July 1, 2013

(e) Citation to the case (if you know):   United States v. Goffer, 721 F.3d 113 (2d. Cir. 2013)

(f) Grounds raised:

I. Appellant is entitled to a new trial because the District Court gave the jury an erroneous definition of material, nonpublic information.
II. The District Court violated appellant's constitutional rights by punishing the defendant for exercising his right to go to trial rather than entering a plea of guilt.
III. Appellant's counsel was ineffective in failing to object to the government's contention that appellant should receive a four point increase under U.S.S.G. § 3b 1.1.
IV. The sentence imposed, when viewed in the totality of the circumstances, is disproportionate to similarly situated defendants.
V. The District Court erred in ordering the appellant to forfeit $10,022,931.00.


(g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☒     No ☐

If "Yes," answer the following:

(1) Docket or case number (if you know):   13-9973

(2) Result:   Denied.


(3) Date of result (if you know):   October 6, 2014

(4) Citation to the case (if you know):   Unknown.

(5) Grounds raised:

I. Is the standard of a manifest injustice and/or an extraordinary circumstance met [and thus requiring Appellate review] when; a) a district Court's jury instruction violates the Fifth and Sixth Amendments by promoting an invalid theory of law and improperly charging the jury as to the required scienter necessary to convict a remote tippee of insider trading, specifically when the defendant's knowledge of the insider's criminality separates legal behavior from illegal conduct? or b) when the Court of Appeals affirms a defendant's conviction by applying an invalid, or at the very least unsettled, theory of law whose merits are currently being litigated?
II. Whether reversal of a conviction is required when; a) a statute (Rule 10(b)-5) is so ambiguous that the Second Circuit Court of Appeals recently conceded uncertainty as to its correct interpretation or b) when, despite the Second Circuit's uncertainty as to the aforementioned statute, a defendant nonetheless, in violation of the Rule of Lenity, received a jury instruction of the stricter of the two competing standards when the more favorable one was proposed at trial?

10. Other than the direct appeals listed above, have you previously filed any other motions,

petitions, or applications concerning this judgment of conviction in any court?

Yes ☒     No ☐

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:   Second Circuit Court of Appeals

(2) Docket or case number (if you know):   11-3591-cr (L)

(3) Date of filing (if you know):   August 26, 2013

(4) Nature of the proceeding:   Petition for Panel Rehearing or Hearing En Banc

(5) Grounds raised:

The Court should vacate Goffer's conviction because the Sixth Amendment does not allow for a verdict to stand where the jury has been improperly instructed on the element of the crime which differentiates legal conduct from illegal behavior.

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❏   No ☒

(7) Result:   Denied.

(8) Date of result (if you know):   November 4, 2013

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:   United States Court of Appeals for the Second Circuit

(2) Docket or case number (if you know):   11-3591-cr (L)

(3) Date of filing (if you know):   April 25, 2014

(4) Nature of the proceeding:   Motion to Recall the Mandate

(5) Grounds raised:

I.  The jury instruction in Goffer was based on a legally invalid interpretation of Rule 10(b)5 and therefore meets the standard of a manifest injustice and/or extraordinary circumstance, thus requiring the recall of the mandate.

II. The rule of lenity must be applied here because of the ambiguity in the interpretation of the requirements of Rule 10(b)5 .

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❏   No ☒

(7) Result:  Denied

(8) Date of result (if you know):   May 22, 2014.

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:       Yes ❏   No ☒

(2) Second petition:   Yes ❏   No ☒

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

Not applicable.

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the <u>facts</u> supporting each ground.

**GROUND ONE:** Defendant was denied his Sixth Amendment right to assistance of counsel where appellate counsel failed to argue that a tippee's knowledge toward tipper benefit was a requisite element erroneously omitted from the jury instruction.

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Prejudice had inured to Defendant at trial in light of the probability the jury convicted him on an act which does not amount to a crime. Furthermore, prejudice occurred on appeal because, had appellate counsel raised the preserved issue of the erroneous jury instruction, he would have been granted a new trial by the Appellate Court.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❏  No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

Ineffective assistance of counsel.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❏  No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: Not applicable.

Name and location of the court where the motion or petition was filed: Not applicable.

Docket or case number (if you know):   Not applicable.

Date of the court's decision:   Not applicable.

Result (attach a copy of the court's opinion or order, if available):

    Not applicable.

(3) Did you receive a hearing on your motion, petition, or application?

    Yes  ❏   No  ❏   Not applicable.

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes  ❏   No  ❏   Not applicable.

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes  ❏   No  ❏   Not applicable.

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

    Not applicable.

Docket or case number (if you know):   Not applicable.

Date of the court's decision:   Not applicable.

Result (attach a copy of the court's opinion or order, if available):

    Not applicable.

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

    Not applicable.

**GROUND TWO**:

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑    No

    (2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑    No

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑    No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑    No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑    No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ❑    No

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ❑    No

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

   Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

   Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND FOUR**:


(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b)  **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No

    (2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Ground 1 has not been previously presented because it is based on ineffective assistance of counsel.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?        Yes ❑   No ☒
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

Not Applicable.

(b) At arraignment and plea:   Cynthia M. Monaco
551 Fifth Avenue 31st Fl
New York, NY 10176

(c) At trial:   Bill Barzee
Barzee Flores Attorneys At Law
40 Northeast 3rd Street
Miami, FL 33132

(d) At sentencing:

Same as above.

Page 12

(e) On appeal:    Alexander Dudelson
                  Law Offices of Alexander M. Dudelson
                  26 Court Street
                  Suite 2306
                  Brooklyn, NY 11242

(f) In any post-conviction proceeding:    Yale Klat Esq.
                                          125 Maiden Lane Ste 204
                                          New York, NY 10038

(g) On appeal from any ruling against you in a post-conviction proceeding:

    Not Applicable.

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?      Yes ☒ No ❑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      Yes ❑ No ☒

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:    Not Applicable

(b) Give the date the other sentence was imposed:   Not Applicable

(c) Give the length of the other sentence:   Not Applicable

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?      Yes ❑   No ❑   Not Applicable

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you
    must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not
    bar your motion.*

      Not Applicable.

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C.
§ 2255, paragraph 6, provides in part that:
    A one-year period of limitation shall apply to a motion under this section.  The limitation period
shall run from the latest of —
        (1) the date on which the judgment of conviction became final;
        (2) the date on which the impediment to making a motion created by governmental action in
        violation of the Constitution or laws of the United States is removed, if the movant was
        prevented from making such a motion by such governmental action;
        (3) the date on which the right asserted was initially recognized by the Supreme Court, if
        that right has been newly recognized by the Supreme Court and made retroactively
        applicable to cases on collateral review; or
        (4) the date on which the facts supporting the claim or claims presented could have been
        discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief:

To vacate conviction.


or any other relief to which movant may be entitled.

_____

Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ (month, date, year).


Executed (signed) on _____ (date).


_____

Signature of Movant


If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.