IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.

ZVI GOFFER,
       Defendant/Movant.

Criminal No. 1:10-cr-56-1

## MOTION FOR BAIL PENDING HABEAS LITIGATION

NOW COMES defendant, Zvi Goffer ("Goffer"), through undersigned counsel, and moves this Honorable Court for bail pending habeas litigation. Defendant files the instant motion contemporaneously with his Motion to Vacate Conviction pursuant to 28 U.S.C. § 2255. He moves this Court to order his release on bail pending the outcome of the litigation of his habeas petition on grounds he has presented a substantial question of law, based, in part, upon recent Second Circuit precedent, which gives rise to a high probability his conviction will be vacated.

### I. JURISDICTIONAL STATEMENT

Defendant Goffer is currently incarcerated at the Federal Prison Camp at Lewisburg, Pennsylvania. This Court has jurisdiction to consider a motion to vacate conviction pursuant to 28 U.S.C. § 2255. See *Scanio v. United States*, 37 F. 3d 858, 860 (2nd Cir. 1994) (28 U.S.C. § 2255 "confers jurisdiction to district courts to entertain habeas petitions for relief solely from persons who satisfy the

1

status or condition of being 'in custody' at the time the petition is filed."); *Poodry v. Tonawanda Band of Seneca Indians*, 85 F. 3d 874, 890 (2nd Cir. 1996) ("28 U.S.C. § 2255 permits a district court to entertain a motion by 'a prisoner in custody under sentence' of a federal court.").

This Court also has jurisdiction to entertain the instant motion for release on bail. *Mapp v. Reno*, 241 F. 3d 221, 226 (2nd Cir. 2001) ("[F]ederal courts have inherent authority to admit to bail individuals properly within their jurisdiction.").

## II. PROCEDURAL HISTORY

On November 4, 2009, a Complaint was filed against Defendant Goffer and six other co-defendants (Dkt. #1). On November 5, 2009, Goffer was arrested and, on the same day, was released on $500,000 PRB (Dkt. #5).

Thereafter, Defendant Goffer was indicted on January 21, 2010. A superseding indictment was filed on April 7, 2011 (Dkt. #167). Said indictment is attached hereto as Exhibit A. Counts One and Two charged Goffer with conspiracy to commit securities fraud. Exh. A, at pp. 1-18. Counts Three through Fourteen alleged substantive violations of the securities laws. *Id.*, at pp. 18-20. The gravamen of all charges was alleged illegal insider trading.

The indictment alleges both Arthur Cutillo and Brien Santarlas as the insiders who illegally disclosed information to the other co-conspirators as part of the manner and means of each conspiracy

2

count. Exh. A, pp. 7, 14.

On April 28, 2011, the government emailed to the district court a document titled, "Joint Proposed Requests to Charge." The cover letter and document is attached hereto as Exhibit B. The document contains the government's compilation of suggested jury charges submitted "in accordance with the Court's Order dated April 25, 2011." Exh. B, cover letter (front page). The preamble to the requested charges, outlining the government's formatting choices for the purpose of distinguishing the source of each proposed portion of requests, reads:

> The Government and Defendants respectfully propose the following Request to Charge. Requests in regular font are jointly proposed by the parties. Requests in italics are proposed by the Government. Requests that are underlined are proposed by the defendants.

Exh. B, at p. #2.

The relevant portions of defendant's proposed charges to the jury include:

- "[T]he government must prove each of the following four things beyond reasonable doubt – some of which have a couple of parts: […] (4) That Brien Santarlas and Arthur Cutillo personally benefited in some way, directly or indirectly, from the disclosure of the allegedly inside information to Jason Goldfarb and Zvi Goffer and that defendant you are considering was aware of those benefits

3

receive by Santarlas and Cutillo." Exh. B, at pp. #50-#51 (underline in original).

- "You are permitted to base your finding of a benefit to Santarlas and Cutillo on all of the objective facts and inferences presented in this case, but you must find beyond a reasonable doubt that the defendant you are considering knew of this benefit." Exh. B, at p. #63 (underline in original).

- "You may also find that Santarlas and Cutillo received a direct or indirect personal benefit from giving inside information if you find that they gave the information to Jason Goldfarb and Zvi Goffer as a gift in connection with their personal relationship, **but again**, the government must prove beyond a reasonable doubt that the defendant you are considering knew of this gift." Exh. B, at pp. #63-#64 (underline in original, bold emphasis added).

According to the government's specified formatting, the fact that each of these proposals is underlined in the original gives clear indication that these are proposals from the defendants.

A jury was impaneled on May 18, 2011. See Docket listing at second un-enumerated entry on 5/18/11. Trial commenced on that day. The relevant trial transcripts are combined and attached hereto as Exhibit C.

Of the witnesses called to testify on behalf of the government,

Brien Santarlas took the stand. His relevant testimony included his admission that he did not know Zvi Goffer, Emanuel Goffer or Michael Kimelman. Tr. 5/23/11, at p. 484. He testified he never spoke with nor met Zvi Goffer. Tr. 5/23/11, at pp. 496-497. To Mr. Santarlas, Zvi Goffer was simply known as "the trader". Tr. 5/23/11, at pp. 534-535. Mr. Santarlas also had no personal knowledge of any details spoken between Jason Goldfarb and Goffer. Tr. 5/23/11, at p. 535.

On May 31, 2011, this Court held a Charge Conference. Tr. 5/31/11, at p. 1577. At that conference, the court acknowledged preservation of all defendants' objections to the proposed points for charge to the jury:

> THE COURT: [...]
> What I propose to do just go through the charge page by page and if people have proposed changes to what I've circulated then let me know. I've already seen what you have proposed before trial. **So to the extent you proposed something different and that I've rejected it, I think your objection is preserved**. But if there is something that is clearly in error or that needs a further hearing, then let me know. All right? So what I would typically do is just ask you who has got something next.

Tr. 5/31/11, at p. 1577 (emphasis added).

On May 31, 2011, this Court charged the jury with instructions which failed to include the aforementioned, proposed charge requested by defendants as to the mens rea element regarding Goffer's knowledge of tipper benefit. See Charge, Tr. 5/31/11, pp. 1989-2063.

At the end of the charge, this Court acknowledged the reiteration of the preservation of all defendants' objections to the

5

proposed points for charge:

> MR. SOMMER: [...]
> And, Judge, the last thing; unless someone else has any other correction? Just technically, pursuant to Rule 30(b), we on behalf of Mr. Kimelman renew all the objections we raised in the charge conference, **anything that was not incorporated from our request,** and any objection we raised during the charge conference.
>
> THE COURT: I assume that's true of all defendants. That's fine. Okay. That's understood. All right.

Tr. 5/31/11, at p. 2059 (emphasis added).

On June 13, 2011, the jury returned a guilty verdict against the Appellant on Counts One through Fourteen (Dkt. #216).

On September 21, 2011, this Court sentenced Goffer to a total of one hundred and twenty (120) months. (Dkt. #271). On September 22, 2011, this Court entered the Judgment (Dkt. #271) and an Order requiring Goffer to forfeit $10,022,931.00 (Dkt. #270).

On September 30, 2011, Goffer appealed the sentence and conviction to the U.S. Court of Appeals for the Second Circuit (Dkt. #275). On appeal, Goffer's appellant counsel failed to argue the duly objected to and preserved issue that the jury should have been instructed the government was required to prove beyond a reasonable doubt the mens rea element of insider trading as it relates to all counts.

On October 14, 2011, this Court modified its previous order instructing Goffer to self-surrender to a designated Bureau of

6

Prisons facility on October 21, 2011 to be extended to self-surrender on November 18, 2011 (Dkt. 290).

On July 1, 2013, the Court of Appeals affirmed Defendant Goffer's sentence and conviction.

On October 6, 2014, the Supreme Court denied Goffer's petition for certiorari in the instant matter. A copy of the order denying certiorari is attached hereto as Exhibit D.

Contemporaneously with the instant motion for bail release, Defendant Goffer filed a Motion to Vacate Sentence and Conviction pursuant to 28 U.S.C. § 2255.

### III. ARGUMENT

As stated in his Motion to Vacate Sentence and Conviction pursuant to 28 U.S.C. § 2255, Goffer's trial was tainted unconstitutionally because the jury was never required to find the touchstone element of the crime as it pertained to Goffer. For charges based upon alleged illegal insider trading, the mens rea element in question was whether Goffer, a remote tippee, had knowledge regarding the personal benefit motive of the original tipper (insider).[1] The omission of this critical element lowered

---

1. The issue regarding the omission of the mens rea element from the jury instruction was not raised by Goffer on direct appeal. In order to excuse the procedural default for failure to raise the issue, Goffer has framed the issue, within his 2255 motion, as a violation of his Sixth Amendment right to effective

7

the burden of proof for the government, eliminated from the jury any consideration of much of the testimony elicited by Goffer's trial attorneys on cross examination, and most importantly, rendered moot Goffer's primary strategy at trial. This circuit has already deemed the absence of a jury charge on said element to be a substantial question and has recently overturned convictions where said element had not been included as part of the charge to the jury.

In light of the Second Circuit's recent decision in *United States v. Newman*, 2014 U.S. App. LEXIS 23190 (2nd Cir. December 10, 2014), the law is now clear regarding the aforementioned mens rea element. A copy of the *Newman* opinion is attached hereto as Exhibit E. In light of the strong language in that opinion with respect to the erroneous jury instruction, Goffer can readily demonstrate extraordinary circumstances warranting his release on bail. As a result, Goffer is entitled to bail pending habeas litigation.

### A. STANDARD FOR RELEASE PENDING HABEAS LITIGATION

The Second Circuit has consistently emphasized that its power to grant bail to habeas petitioners is "a limited one, to be exercised in special cases only." Mapp, supra 241 F.3d at 226. "A habeas petitioner should be granted bail only in unusual cases, or when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." Id. at 226 (quoting Ostrer v. United States, 584 F.2d 594, 596 n.1 (2d. Cir.

---

assistance of counsel.

1978))

To obtain release on bail, there must be a "demonstrated likelihood that the petitioner will prevail," based upon "claims of a substantial nature upon which the petitioner has a high probability of success," and demonstrating merits "that are more than slightly in petitioner's favor," so that "victory for petitioner can be predicted with confidence." *Richard v. Abrams*, 732 F. Supp. 24, 25 (S.D.N.Y. 1990) (Patterson, J.) (citations and internal quotation marks omitted).

### B. THE HABEAS PETITION PRESENTS A SUBSTANTIAL QUESTION

As previously stated, the substantial question raised within the habeas petition is a claim of erroneous jury instruction whereby the mens rea element regarding tipper benefit was omitted from the jury's charge. In the *Newman* decision, the Second Circuit addressed the exact liability of a similarly situated tippee stating:

> In sum, we hold that to sustain an insider trading conviction against a tippee, the Government must prove each of the following elements beyond a reasonable doubt: that (1) the corporate insider was entrusted with a fiduciary duty; (2) the corporate insider breached his fiduciary duty by (a) disclosing confidential information to a tippee (b) in exchange for a personal benefit; (3) the tippee knew of the tipper's breach, that is, **he knew the information was confidential and divulged for personal benefit**; and (4) the tippee still used that information to trade in a security or tip another individual for personal benefit.

*Newman*, supra, 2014 U.S. App. LEXIS 23190 at *24 (emphasis added).

9

Based on this holding, the *Newman* court stated the specific requirement at issue: "the district court was required to instruct the jury that the Government had to prove beyond a reasonable doubt that [the defendants] knew that the tippers received a personal benefit for their disclosure." *Id.*, at *25.

The failure to charge an essential element of a crime calls into question the effect the omission had on the individual case.

> Safeguarding the jury guarantee will often require that a reviewing court conduct a thorough examination of the record. If, at the end of that examination, the court cannot conclude beyond a reasonable doubt that the jury verdict would have been the same absent the error-for example, where the defendant contested the omitted element and raised evidence sufficient to support a contrary finding-it should not find the error harmless. A reviewing court making this harmless error inquiry does not, as Justice Traynor put it, "become in effect a second jury to determine whether the defendant is guilty." Rather, a court, in typical appellate-court fashion, asks whether the record contains evidence that could rationally lead to a contrary finding with respect to the omitted element.

*Neder v. United States*, 527 U.S. 1, 19 (1999).

With respect to the mens rea element, the factual circumstances and the actual jury charge at trial in the *Newman* case mirrors the scenario in the instant matter where the defendants in each case were both remote tippees who never met nor talked with the insider and the jury charge omitted the mens rea element. The court in *Newman* found the error was not harmless and, based on the insufficiency of the evidence, remanded with instruction to vacate the convictions and

10

dismiss the indictment. *Id.*, at *39.

Thus, Goffer's habeas petition raises a substantial question.

C.  THIS IS AN UNUSUAL CASE AND EXTRAORDINARY CIRCUMSTANCES EXIST

A finding of extraordinary circumstances in this matter rests in part on the fact that Goffer had been released on bail from the onset of the case and had eventually self-surrendered in late 2011. The defendants in the *Newman* case were granted bail pending appeal on the grounds they had raised the substantial issue of the same aforementioned erroneous jury charge. A copy of the Order granting Appellants Todd Newman and Anthony Chiasson bail is attached hereto as Exhibit F. Had his appellate counsel raised the preserved issue similarly, Goffer would have been granted bail pending appeal as well. In essence, Goffer could have served almost no time at all throughout the litigation of his case had the proper litigation been conducted on appeal.

As stated previously, the *Newman* case is apposite and on all fours with the Goffer case. The defendants in *Newman* prevailed on appeal by raising the same issue relating to the erroneous jury instruction (omission of mens rea element of tipper benefit) as Goffer does in his habeas petition. The most important aspect of each case was the fact that all defendants had contested the mens rea element and proposed a jury instruction articulating the correct standard in order to properly argue their theory of the case.

11

Whether the element had been contested is one of the two prongs the government must meet in order to establish that the omission of an element in the jury charge was harmless. *Newman*, supra, 2014 U.S. App. LEXIS 23190 at *26 ("The harmless error inquiry requires us to view whether the evidence introduced was 'uncontested and supported by overwhelming evidence' such that it is 'clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error.'") (quoting *Neder v. United States*, 527 U.S. 1, 18 (1999)).

Based on those nearly identical circumstances, Goffer has demonstrated the highest probability that he is very likely to prevail in his habeas litigation. Clearly, he has met the traditional interpretation of the standard for bail release. *Beras v. United States*, 2012 U.S. Dist. LEXIS 82297, *2 (S.D.N.Y., Decided: June 12, 2012) ("Judges in this district have ruled that this high hurdle requires that the petitioner show a 'demonstrated likelihood the petition will prevail' such that the petitioner has a 'high probability of success.'") (quoting *Richard v. Abrams*, 732 F. Supp. 24, 25 (S.D.N.Y. 1990)). A copy of the *Beras* opinion is attached hereto as Exhibit G.

The consequences of Goffer's appellate attorney's failure to raise and argue the specific aforementioned point of law are clear and obvious. The similarly situated *Newman* defendants, whose

identical argument was properly litigated, were never required to spend a single day in prison. Goffer, on the other hand, has already suffered over three (3) years incarceration. These circumstances are precisely those contemplated by the terms "unusual case", "exceptional circumstances", and "likelihood that petitioner will prevail", justifying Goffer's immediate release on bail pending habeas litigation.

### D. CONCLUSION OF ARGUMENT

Wherefore, Goffer has met the standard for bail release pending habeas litigation. He is entitled to said release.

### IV. CONCLUSION

For the reasons cited above, this Court should grant Goffer release on bail pending habeas litigation.

Respectfully submitted,

*s/Yale Klat*
Yale Klat, Esquire
125 Maiden Lane, Suite 204
New York, NY 10038
Tel: (646) 481-6684
email: yaleklat@gmail.com
    Attorney for Zvi Goffer

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,
                                                      Criminal No. 1:10-cr-56-1
    v.

ZVI GOFFER,
       Defendant/Movant.

**CERTIFICATE OF SERVICE**

    I, the undersigned, hereby certify I am this date serving a copy of the Motion for Bail Pending Habeas Litigation in the captioned matter upon the following persons in the manner indicated below.

    Service electronically through this court's Electronic Filing System to:

        Richard C. Tarlowe, Assistant U.S. Attorney

                                      Respectfully submitted,

<u>January 21, 2015</u>                *s/Yale Klat*
Date                              Yale Klat, Esquire
                                      125 Maiden Lane, Suite 204
                                      New York, NY 10038
                                      Tel: (646) 481-6684
                                      email: yaleklat@gmail.com
                                                **Attorney for Zvi Goffer**