**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

January 31, 2016

**BY CM/ECF**

The Honorable Richard J. Sullivan
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

       *Re:*    *United States* v. *Zvi Goffer and Michael Kimelman*, 10 Cr. 56 (RJS)

Dear Judge Sullivan:

The Government writes in response to the letter from counsel for defendant Kimelman, dated January 27, 2016 ("Kimelman Ltr."), advising the Court of the Supreme Court's recent decision in *Montgomery* v. *Louisiana*, 2016 WL 280758 (Jan. 25, 2016).  In her letter, Kimelman's counsel suggests that the *Montgomery* decision *sub silentio* overruled the Supreme Court's and the Second Circuit's substantial case law on procedural default of habeas claims[1], at least with respect to claims involving new substantive rules of constitutional law.  Kimelman Ltr. at 2.

This argument fails to consider that when the Second Circuit has spoken directly on an issue – as it has with respect to the procedural default of habeas claims – a District Court is obliged to follow Second Circuit precedent, even if such precedent is in "tension" with Supreme Court precedent, "unless and until [the Second Circuit precedent] is reconsidered by [the Second Circuit] sitting in banc (or its equivalent) or is rejected by a later Supreme Court decision." *Monsanto* v. *United States*, 348 F.3d 345, 351 (2d Cir. 2003); *see also United States* v. *Wong*, 40 F.3d 1347, 1373 (2d Cir. 1994) ("[U]ntil the Supreme Court rules otherwise, the district court would be obliged to follow our precedent, even if that precedent might be overturned in the near future."); *Doscher* v. *Sea Port Grp. Sec., LLC*, No. 15-CV-384 (JMF), 2015 WL 4643159, at *3 (S.D.N.Y. Aug. 5, 2015) (District Court required to follow a precedential opinion of the Second Circuit "unless and until it is overruled in a precedential opinion by the Second Circuit itself or

---

[1]  *See e.g.*, *Bousley* v. *United States*, 523 U.S. 614, 622 (1998)(where a petitioner has procedurally defaulted a claim by failing to raise it on direct appeal, the claim may be raised in habeas only if the petitioner "can first demonstrate either 'cause' and 'actual prejudice,' or that he is 'actually innocent'"); *Rosario* v. *United States*, 164 F.3d 729, 731 (2d Cir. 1999) (defendant must demonstrate "either (1) 'cause for failing to raise the issue, and prejudice resulting therefrom,' . . . or (2) 'actual innocence'") (citations omitted).

The Honorable Richard J. Sullivan
January 31, 2016

'unless a subsequent decision of the Supreme Court so undermines it that it will almost
inevitably be overruled by the Second Circuit'")  (quoting *United States v. Emmenegger*, 329 F.
Supp. 2d 416, 429 (S.D.N.Y. 2004)).

The *Montgomery* decision does not so undermine the Second Circuit's and Supreme
Court's procedural default jurisprudence as to render it inevitable that such precedents will be
overruled by the Second Circuit.  As a result, this Court should follow the Second Circuit's
procedural default precedents when adjudicating Kimelman's habeas claims.

Respectfully submitted,

PREET BHARARA
United States Attorney
Southern District of New York


/s/      Brian R. Blais
Brian R. Blais/Brooke Cucinella
Assistant United States Attorneys
 (212) 637-2521/2477


cc:      All defense counsel (by ECF)